IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINA BELFLOWERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  3:08cv250-CSC |
| | ) | WO |
| WAL-MART STORES EAST, L.P., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

In this diversity case, Christina Belflowers claims that Wal-Mart Stores East, L.P.,

("Wal-Mart"), acted both negligently and wantonly by failing to maintain a section of its

shelving.  Diversity jurisdiction is founded on 28 U.S.C. § 1332, under which this court

applies state substantive law and federal procedural law.  *See Erie R.R. v. Tompkins,* 304 U.S.

64 (1938).  Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have

consented to the United States Magistrate Judge conducting all proceedings in this case and

ordering the entry of final judgment.

On September 18, 2008, the defendant filed a motion for summary judgment.  (Doc.

No. 13.)  After careful review and consideration of the motion, the response of the plaintiff

and the evidentiary materials filed in support of and in opposition to the motion, the court

concludes that the defendant's motion for summary judgment is due to be granted.

**II.  SUMMARY JUDGMENT STANDARD**

Under FED. R. CIV. P. 56(c), summary judgment is proper "if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).[1] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.

The movant may meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324. If the movant succeeds in demonstrating the absence of a material issue of fact, the burden shifts to the non-movant to establish, with evidence beyond the pleadings, that a genuine issue material to the non-movant's case exists. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-17 (11th Cir. 1993); *see also* FED. R. CIV. P. 56(e). ("When a motion for

---

[1] In *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the court stated:

"[Where the nonmoving party will bear the burden of proof at trial on a dispositive issue...Rule 56(e)...requires the nonmoving party to go beyond the pleadings and by...affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial. . . .We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment...Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c) except the mere pleadings themselves. . . .

*Id.* at 324.

summary judgment is made and supported ... an adverse party may not rest upon the mere

allegations or denials of [his] pleading, but [his] response ... must set forth specific facts

showing that there is a genuine issue for trial.").  What is material is determined by the

substantive law applicable to the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986).

A dispute of material fact "is 'genuine' . . . if the evidence is such that a reasonable

jury could return a verdict for the nonmoving party." *Id.* at 248.  The non-movant "must do

more than simply show that there is some metaphysical doubt as to the material facts."

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Rather, the

non-movant must present "affirmative evidence" of material factual conflicts to defeat a

properly supported motion for summary judgment.  *Anderson*, 477 U.S. at 257.  If the

non-movant's response consists of nothing more than conclusory allegations, the court must

enter summary judgment for the movant.  *See  Holifield v. Reno*, 115 F.3d 1555, 1564 n. 6

(11th Cir. 1997); *Harris v. Ostrout,* 65 F.3d 912 (11th Cir. 1995).

However, if there is a conflict in the evidence, "the [non-movant's] evidence is to be

believed and all reasonable inferences must be drawn in his favor."  *Anderson*, 477 U.S. at

255; *Ruiz de Molina v. Merritt & Furman Ins. Agency*, *Inc.*, 207 F.3d 1351, 1356 (11th Cir.

2000).  After the nonmoving party has responded to the motion for summary judgment, the

court must grant summary judgment if there remains no genuine issue of material fact and

the moving party is entitled to judgment as a matter of law  FED. R. CIV. P. 56(c).  With these

principles of law in mind, the court will determine now whether summary judgment is

appropriate and should be granted.

## FACTS[2]

On January 16, 2006, the plaintiff, her husband, and their daughter took an afternoon

drive in their blue Camaro to Phenix City, Alabama, where they completed their tax forms

at a local business establishment. (Pl's Dep., pp. 67, 70, 187.) After cashing an income tax

check, the plaintiff and her family went to Wal-Mart to shop for curtains, chair cushions, and

other decorative items for their home. (*Id*., pp. 67, 187.)

Upon entering the store, the plaintiff was wearing her high heeled platform flip flops,

which were approximately two and a half inches off the ground.[3] (*Id*., pp. 112, 115-16, 121.)

While the plaintiff's husband and daughter looked for chair cushions on a nearby aisle, the

plaintiff shopped on another aisle. (*Id*., 101, 130.) In the clearance section, the plaintiff

found several chair cushions arranged in a disorganized fashion on three shelves. After

looking through the display of cushions between five and fifteen minutes, the plaintiff found

a set of four cushions that she liked and decided to ask for her husband's opinion. (*Id*., pp.

101, 106, 138.) As she turned to walk away from the cushion display and called out her

husband's name,[4] the plaintiff felt her right foot become caught under the shelving and she

fell onto the floor. (*Id*., pp. 122-23, 127, 138.) The plaintiff felt pain in her leg and ankle.

---

[2] On a motion for summary judgment the court must construe the facts in the light most favorable to the non-movant. *See, e.g. Brown v. Crawford*, 906 F.2d 667 (11th Cir. 1990).

[3] Incidentally, the platform flip flops were purchased from Wal-Mart. (Pl's Dep., p. 115.)

[4] The court notes that there are inconsistencies in the plaintiff's version of the facts. In Jeff Belflowers' affidavit, Mr. Belflowers indicates that he was standing directly beside the plaintiff when the incident occurred. (Pl's Ex. 1, p. 1.) The plaintiff's own deposition testimony, however, indicates that no one was on the aisle with the plaintiff at the time of the fall. (Pl's Dep., p. 101, 130.)

(*Id*., p. 137.)  The plaintiff's husband arrived and said, "Your foot is caught on the shelf."

(*Id*., pp. 140-41.)  At that time, Mr. Belflowers noticed a bent piece of metal along the bottom

shelf.  (Pl's Ex. 1, p. 1.)

Shortly thereafter, Wal-Mart personnel contacted the paramedics, and the plaintiff was

taken to the hospital. (Pl's Dep., p. 148.)  Orthopaedic surgeons determined that the plaintiff

had suffered a broken leg.  (*Id*., pp. 154-56.)  The plaintiff had two operations and remained

in the hospital for at least five days.  (*Id*., p. 155.)  She is no longer able to wear high heels.

(*Id*., p. 173.)

### III.  DISCUSSION

### A.  The Arguments

The plaintiff claims that Wal-Mart negligently and wantonly maintained its shelving.

Specifically, the plaintiff asserts that something under the bottom shelf caught her flip flop

as she turned away from the shelving, thereby causing her to fall and break her leg.  Putting

the shoe on the other foot, Wal-Mart argues that the plaintiff has failed to present evidence

demonstrating a genuine issue of material fact as to the cause of the incident.

### B.  Analysis

The plaintiff bases her premises-liability claim on the allegation that Wal-Mart

"negligently or wantonly maintained the shelving which created an unreasonable risk of harm

to its customers," thereby causing her to "trip[] on a portion of damaged and defective

shelving and . . . fall."  (Doc. No. 1, p. 1.)  The plaintiff's deposition testimony, however,

recites a different story.  When asked what she believed caused her to fall, the plaintiff

5

indicated she was uncertain of the specific source of the accident.  During the plaintiff's

deposition, the following exchange occurred:

> Q.    And what is wrong – what is it about the shelf that you believe
>       caused you to fall.
>
> A.    I'm – I'm not sure.  I mean, I can't say that, but I know that my
>       shoe was – wouldn't go anywhere when I turned to walk away.
>
> Q.    Well, if you don't know what you're claiming caused your
>       accident, I mean, why are we even here?
>
> A.    I mean, it had to have been the shelf, because my shoe was
>       caught on the shelf when I fell.  I mean, it had to have been....
>       I remember it being pulled out ... and my shoe being stuck up
>       under the shelf that was pulled out, and like a piece of metal was
>       sticking from it.
>
> Q.    All right, well, first of all, I hear what you're saying, you cannot
>       really say what may have caused you to fall, is that true?
>
> A.    I mean, it had to have been the shelf.

(Pl's Dep., pp. 110-11.)

Upon further questioning about the dented piece of metal under the shelving, the

plaintiff acknowledged that she was not certain the metal actually caused her accident.

> Q.    . . . You really can't say whether you hit your leg on  – whether
>       you, you know, walked into this little piece of metal that, you
>       know, is like a leg holding the shelf up off the floor (indicating)?
>       You really can't say whether you ran into that or not because
>       you didn't see it; right?
>
> A.    Right.
>
> Q.    So you think, but you're not sure that this dented-in piece of
>       metal could have caused your accident?
>
> A.    Yes, ma'am.

6

> Q.    But the truth of it is, you don't even know whether you caused that dented-in piece of metal in your accident, do you, truthfully?
>
> A.    Truthfully, no.

(Pl's Dep., p. 165.)  Thus, the plaintiff could only speculate as to the cause of the accident on Wal-Mart's premises.

In *Fowler v. CEC Entm't*, 921 So. 2d 428 (Ala. Civ. App. 2005), the court summarized the state law in premises liability cases as follows:

> . . . [A store owner] owes a duty to [its customers] to "use reasonable care and diligence to keep the premises in a safe condition or, if the premises were in a dangerous condition, to give sufficient warning so that an invitee might avoid danger by the use of ordinary care." *Boudousquie v. Marriott Mgmt. Servs. Corp.*, 669 So. 2d 998, 1000 (Ala. Civ. App. 1995).
>
> > "'The rule of law for cases such as this that there is a duty upon all storekeepers to exercise reasonable care in providing and maintaining a reasonably safe premises for the use of their customers.  The storekeeper is not an insurer of the customers' safety but is liable for injury only in the event he negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition.  No presumption of negligence arises from the mere fact of injury to the customer.  The burden rests upon the plaintiff to show that the injury was proximately caused by the negligence of the storekeeper or one of its servants or employees.  Actual or constructive notice of the presence of the offending substance must be proven before the proprietor can be held responsible for the injury.'"
>
> *Dolgencorp, Inc. v. Hall*, 890 So. 2d 98, 101 (Ala. 2003) (quoting *Cash v. Winn-Dixie Montgomery, Inc.*, 418 So. 2d 874, 876 (Ala. 1982)).  "'The entire basis of [a store owner's]

> liability rests upon [its] superior knowledge of the danger which causes the [customer's] injuries....'" *Denmark v. Mercantile Stores Co.*, 844 So. 2d 1189, 1194 (Ala. 2002) (quoting *Quillen v. Quillen*, 388 So. 2d 985, 989 (Ala. 1980)).  In order for [the plaintiff] to recover, she must prove that her fall resulted from a defect or instrumentality located on the premises, that the fall was a result of the defendants' negligence, and that the defendants had or should have had notice of the defect or instrumentality before the accident." *Hale v. Sequoyah Caverns & Campgrounds, Inc.*, 612 So. 2d 1162, 1164 (Ala. 1992).

921 So. 2d at 432-33.

The plaintiff presents no *evidence* showing what caused her fall or that Wal-Mart was negligent.  Although the plaintiff testified that her foot was caught under the shelf and that she saw a dented piece of metal after she fell, she cannot say that she tripped over, or that her flip flop was caught on, that piece of metal.  The plaintiff merely speculates that something under the shelving caused her to trip and fall.  In a premises liability case, conclusions based only on conjecture or speculation do not satisfy the plaintiff's burden to offer sufficient facts to defeat a defendant's properly supported motion for summary judgment.  *See*, *e.g.*, *Ex parte Gold's Gym*, 703 So. 2d 977, 979 (Ala. 1997).  *See also Thompson v. Wal-Mart Stores, Inc.*, No. CV-96-PT-815-E (N.D. Ala. Dec. 31, 1996) (unpublished opinion) (Attach. to Def's Doc. No. 13, Ex. 2).  This court therefore concludes that the plaintiff has failed to present sufficient evidence demonstrating a genuine issue of material fact as to the cause of the incident.  In response to the motion for summary judgment, the plaintiff filed an affidavit of her husband.  He says, "I noticed that her foot was caught on the shelf . . . I could see a piece of metal that had bent away from the bottom of the shelf that caught her shoe." (Doc. No. 16, p. 6.)  This testimony does not advance the plaintiff's case.  Even construing this evidence

8

as favorably as possible, it shows nothing more than that the plaintiff's shoe was caught up under the shelving.  That does not suggest the existence of a negligent condition.  Moreover, there is no evidence indicating that Wal-Mart had notice of any problem or defect  under the shelving prior to the accident.  Consequently, the motion for summary judgment with respect to the plaintiff's negligence claim is due to be granted in favor of Wal-Mart.

The court likewise concludes that the plaintiff has failed to present evidence indicating a disputed issue of material fact with respect to her wantonness claim.  Under Alabama law, "negligence and wantonness are two distinct tort concepts of actionable culpability; consequently, they are defined by differing elements."  *S.B. v. St. James Sch.*, 959 So. 2d 72, 89 n. 7 (Ala. 2006).  "Wantonness involves the conscious doing of some act or the omission of some duty, while *knowing* of the existing conditions and *being conscious* that, from doing or omitting to do an act, injury will likely or probably result."  *Hooper v. Columbus Reg'l Healthcare Sys.*, 956 So. 2d 1135, 1140 (Ala. 2006) (citations omitted) (emphasis in original).  "Wantonness imports premeditation, or knowledge and consciousness that the injury is likely to result from the act done or from the omission to act."  *Haynes v. Sarsfield*, No. 2:06cv519-MEF, 2007 WL 2409724, *3 (M.D. Ala. Aug. 21, 2007), *citing Tolbert v. Tolbert*, 903 So. 2d 103, 115 (Ala. 2004).

As previously discussed, the plaintiff merely speculates that something underneath the  shelving caused her to trip and fall.  The plaintiff's "mere speculation, conjecture, or guess is completely insufficient to warrant the submission of the case to the jury." *Brushwitz v. Ezell*, 757 So. 2d 423, 433 (Ala. 2000) (wantonness claim).  In other words, a jury will not

be left to guess or speculate whether the plaintiff was a fashion victim or a victim of Wal-Mart's actions.  Moreover, the plaintiff has failed to present any evidence indicating that Wal-Mart was aware of any existing condition.  In viewing the evidence in the light most favorable to the plaintiff, this court concludes that summary judgment is appropriate on the plaintiff's wantonness claim.  Accordingly, the motion for summary judgment is due to be granted.

**CONCLUSION**

Accordingly, it is

ORDERED that the defendant's motion for summary judgment be and is hereby GRANTED.  (Doc. No. 13.)  A separate final judgment will be entered.

Done this 30th day of October, 2008.

                                  /s/Charles S. Coody
                                  CHARLES S. COODY
                                  UNITED STATES MAGISTRATE JUDGE